HENRY T. SMITH, Landlord, Respondent, *v.* SAMUEL FEIGIN, Tenant, Appellant, and HYMAN G. WEITZEN, Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, November 6, 1947.

*Harold H. Feigin* and *Isadore B. Hurwitz* for tenant, appellant.

*Maurice Edelbaum* for undertenant, appellant.

*Saul Hammer* for respondent.

EDER, J. Tenant and undertenant appeal from a final order made in favor of the landlord, entered in the Municipal Court, Manhattan, Ninth District, after trial.

The facts, in brief, are these: Doctors Owning Corporation is the owner in fee of a fourteen-story professional office building which is used and occupied by members of the medical and dental professions, who carry on their practice there; it is a purely commercial building.

Doctors Owning Corporation is a business corporation organized and existing under the Stock Corporation Law; it was not formed as a co-operative corporation under the provisions of subdivision (a) of section 86 of article 7 of the Co-operative Corporations Law.

On April 11, 1929, Doctors Owning Corporation, lessor, and Henry R. Skeel, as lessee, entered into an indenture of lease which recited that Skeel was the owner of two hundred and thirty-two shares of the capital stock of the corporate lessor, and in consideration of the premises and of the rents, covenants and agreements provided and contained in the lease, " the lessor hereby leases to the lessee, and the lessee hereby hires from the lessor " certain office space known as offices 7-A and 7-C, less approximately 192 square feet of 7-C, from October 1, 1929, for the term of approximately twenty years, until and including October 1, 1949, which term shall be renewed for successive terms of twenty years each, at an annual rental as therein provided.

It is provided in article 1 of the lease, that the lease shall cease and the term thereof come to an end, at the option of the lessor, upon the happening of any one of certain described events, and said article 1 further provides that upon the expiration and termination of the lease, it shall thereupon be lawful for the lessor to re-enter the demised premises and to remove all persons and personal property therefrom, either by summary dispossess proceedings or by any suitable action or proceeding at law, or by force or otherwise, and to repossess the demised premises in its former state, as if said lease had not been made.

No proprietary interest is vested in the lessee under the lease, such as ownership of or title to the space demised; ownership and title are vested in the lessor. All that the lessee obtains upon paying the rent and performing the covenants and complying with the conditions on his part to be performed, is the right of peaceable and quiet possession and enjoyment of the space demised. Yet the lease is characterized as a " proprietary " lease — a misnomer.

On August 25, 1944, a lease was entered into between the estate of Henry R. Skeel, deceased, by Arthur Seybolt, executor, and the appellant Feigin and one Ryan, whereby the office suite aforesaid was let to Feigin and Ryan for a period of one year beginning October 1, 1944, and ending on September 30, 1945. After the expiration of the term Feigin has continued to remain in possession as a statutory tenant and appellant Weitzen as his undertenant. Ryan no longer continues in possession.

On December 12, 1946, an agreement was entered into between said Skeel estate and the petitioner herein, whereby in consideration of the sum of $15,000 to be paid by petitioner, the Skeel estate agreed to sell, transfer and assign all its right, title and interest in and to said two hundred and thirty-two shares of said capital stock of the Doctors Owning Corporation, together with the " proprietary " lease aforesaid to the petitioner, payable $6,000 upon the execution of the agreement and the balance in six semiannual payments of $1,500 with accrued interest at 4% on the unpaid portion of the principal, payment due on July 1st and January 1st of each year.

As collateral security for the payment of the balance of the purchase price, petitioner agreed to deposit with the Skeel estate the new certificate of said two hundred and thirty-two shares of capital stock, together with the " proprietary " lease.

On the same day — apparently simultaneously with the execution of said contract of sale — the Skeel estate assigned to petitioner all its right, title and interest in and to said lease.

Doctors Owning Corporation, on December 19, 1946, approved the contract of sale of the shares of stock and of the assignment of the lease and issued to petitioner a new certificate for two hundred and thirty-two shares of its capital stock.

The petitioner has instituted this summary proceeding asserting he may maintain it by virtue of subdivision (d) of section 8 of chapter 273 of the Laws of 1946 as " owner " of the rental area therein mentioned. As this subdivision now reads, a landlord is authorized to obtain possession of premises from a tenant where the tenancy has expired if: " The landlord owned or acquired an enforceable right to buy or take possession of the building or other rental area on or before January twenty-fourth, nineteen hundred forty-five and seeks in good faith to recover possession of the business space for his immediate and personal use; or possession is sought by a person who acquires title to the building or other rental area subsequent to January twenty-fourth, nineteen hundred forty-five, and who likewise seeks in good faith to recover possession of the business space for his immediate and personal use; provided  *  *  *."

The tenant contends petitioner's status is not one of ownership, but that his status is that of a mere lessee and that he therefore cannot maintain a summary proceeding unless he qualifies under paragraphs (1), (2) or (3) of subdivision (h) of said section 8. These read as follows:

" (h) On or before January twenty-fourth, nineteen hundred forty-five:

" (1) the landlord acquired an enforceable right to take possession of the entire building or other rental area for a term of not less than ten years; or

" (2) a person owned and owns, at least ninety per centum of the stock of a corporation which owned and owns the entire premises; or

" (3) a corporation leased and leases business space from a person who owned and owns or who was the lessee of the entire building for a term of not less than ten years and who also owned and owns at least ninety per centum of the stock of such corporation;

" and such landlord, person or corporation seeks in good faith to recover possession of the business space for his or its own immediate and personal use  *  *  *."

The petitioner obviously does not come within the provisions of subdivision (h) or its paragraphs, nor does he claim to come within them; his contention is that his right to possession is

predicated on subdivision (d) " as the *owner* of the rental area "; that subdivision (h) is without application; that " by virtue of his stock-holdings and proprietary lease in a co-operatively maintained building, (he is) the *owner* of the suite of offices involved."

The petitioner, though styled a " proprietary lessee ", is still a lessee; he is but a stockholder of the corporate owner, who, by reason thereof, has obtained the right to lease certain space, " rental area " in a building owned by the corporation; he acquired no ownership or title to the area, but, as the lease itself provides, acquired merely the right to possession and peaceable enjoyment of the rented space, subject to having his lease terminated, and being ousted from such possession if he fails to perform the covenants and conditions on his part to be performed.

In *542 Morris Park Avenue Corp.* v. *Wilkins* (120 Misc. 48) a summary proceeding was instituted by the corporate owner of a co-operative apartment building in behalf of certain stockholders, and the point involved was whether the corporation had the right to maintain summary proceedings in their behalf. It was claimed that the stockholders who occupied certain apartments were the proper parties to bring the proceeding. The case involved a construction of subdivision 1-a of section 1410 of the Civil Practice Act (since repealed), and it was held that this provision authorized the corporation to bring the proceeding.

In the course of the opinion, a comment was made that " the stockholders are in effect regarded as the owners of the rooms occupied or to be occupied by them ". There was no direct ruling that the stockholders became " owners " of the demised space and as such " owners " were entitled to maintain summary proceedings. That question was not involved or decided. The quoted remark is obiter dicta and does not constitute an authoritative ruling on that feature. Furthermore, the opinion does not indicate whether the leases in that case vested the lessees with any " proprietary " interests in the demised area.

I believe that it is a misinterpretation of the opinion in the *Morris Park Avenue* case (*supra*) to hold that the quoted comment is a distinct ruling that the status of a proprietary lessee is that of " owner " of the demised space, and is thus entitled to maintain a summary proceeding.

In any event, in the case at bar the so-called " proprietary " lease vests no ownership in or title to the demised space in the lessee. The instrument is nothing more than the usual lease granting to the lessee the right to possession and peaceable enjoyment during the term of the lease.

The status of the tenant-appellant herein is that of a tenant in possession refusing to relinquish possession to a subsequent lessee (the petitioner), and a subsequent tenant cannot maintain a summary proceeding against an earlier tenant (*Eells* v. *Morse,* 208 N. Y. 103).

No provision is made in section 1410 of the Civil Practice Act, or in said section 8, permitting a " proprietary-lessee " to bring a summary proceeding.

While under subdivision (d) of section 8 one who owns a building or other rental area is entitled to possession for his immediate and personal use, it does not follow that a *lessee* occupies the same position. This is recognized by the petitioner, who asserts his status is that of " owner ".

If he is not an " owner ", as has been pointed out, but only a lessee, he may only maintain a summary proceeding provided he qualifies under paragraphs (1), (2) or (3) of subdivision (h) of said section 8. This he has not done and he is without standing to maintain this proceeding.

The final order should, therefore, be reversed, with $30 costs to appellants, and the petition dismissed, with costs.

McLAUGHLIN and HECHT, JR., JJ., concur.

Order reversed, etc.