CONSOLIDATED SERVICE STATIONS, INC., Landlord, *v.* CITIES SERVICE OIL COMPANY, Tenant, and RICHARD DRISCOLL, Undertenant.

Municipal Court of the City of New York, Borough of Queens, January 19, 1951.

*Hyman Grill* and *Henry A. Panoff* for landlord.

*George H. Colin* and *Benjamin Mosher* for tenant and undertenant appearing specially.

FITZPATRICK, J.   The amended petition alleges the following with reference to the alleged conventional relationship of landlord and tenant between the landlord, lessee, Consolidated Service Stations, Inc., and Cities Service Oil Company, tenant:

1. That the Consolidated Service Stations, Inc., is the landlord of the premises hereinafter described;

2. That on the 24th day of April 1950, Esther Rogow, owner of the fee of the premises hereinafter described, as landlord, entered into an agreement with Consolidated Service Stations, Inc., the landlord herein, pursuant to which the premises hereinafter described and the entire building upon said premises were leased by her to the Consolidated Service Stations, Inc., for the term commencing the 24th day of April 1950 and terminating the 30th day of November 1971, subject to the agreement theretofore entered into by Esther Rogow as owner of the fee and landlord, with the tenant Cities Service Oil Company as tenant, and the statutory tenancy of the Cities Service Oil Company created thereby;

3. That Esther Rogow, owner of the fee as landlord, heretofore entered into an agreement of lease with Cities Service Oil Company as tenant thereof, for a term of one year. The last month of the term of said lease, which commenced on the first day of December 1944, terminated on the 31st day of December 1944, and that by the terms of said agreement the said tenant hired from the said landlord the premises and the entire building upon said premises.   * * *

4. That said tenant entered into the occupation of the said building and premises and still continues to occupy the same and on the 24th day of April 1950 continued to occupy the same as a statutory tenant;

5. That the term for which said building and premises were hired by said tenant had expired and that the said tenant and Richard Driscoll, undertenant, hold over and continue in possession of said premises and building without the permission of said landlord after the expiration of the said tenant's term therein and solely as a statutory tenant by operation of law, to wit, the so-called Emergency Commercial and Business Space Rent Control Law, Laws of the State of New York;

6. That by virtue of the written lease heretofore entered into between Esther Rogow and Consolidated Service Stations, Inc., the landlord herein, it as the

landlord is the lessee of the entire building for a term of more than twenty-one years, the lease having commenced on the 24th day of April 1950 and terminating the 30th day of November 1971, and the landlord seeks in good faith to obtain possession of the commercial space for its immediate and personal use and to occupy said space and actually conduct such business therein;

7. That on the 25th day of April 1950 there was duly served upon the tenant herein a notice, a copy of which is hereunto annexed and marked Exhibit A;

8. That the time for which said entire building and premises hereinabove described was hired by the Cities Service Oil Company, the tenant herein, has expired, and that the Cities Service Oil Company, the tenant, and Richard Driscoll, undertenant, continue in possession of said premises and the entire building hereinabove described without permission of the landlord after the expiration of said tenant's term therein and after April 30, 1950, the date set forth in Exhibit " A " hereto annexed.

It is apparent from a reading of the petition, the excerpt of which is set forth above, that the tenant, Cities Service Oil Company, had a lease with the original landlord, owner, Esther Rogow, which lease expired on December 31, 1944, upon which date all parties agree the Cities Service Oil Company became a statutory tenant under the so-called Commercial Rent Law (L. 1945, ch. 3, as amd.). Almost five and a half years thereafter, and while the tenant herein, Cities Service Oil Company, was still a statutory tenant upon the premises, the original owner, Esther Rogow, made a lease to the tenant, landlord herein, Consolidated Service Stations, Inc., for a period commencing April 24, 1950, and expiring on November 30, 1971. It is clear from the facts alleged in the petition that the present tenant, landlord, Consolidated Service Stations, Inc., was never put into possession and, as a matter of fact, has brought the instant proceeding to have itself put into possession of the premises demised to it by the original landlord, owner. Concededly, on a reading of the petition and upon the argument, both sides agree that there has never been any privity of contract between Consolidated Service Stations, Inc., the tenant, landlord, and Cities Service Oil Company, the original tenant. Also concededly there has never been any rent paid, nor does the petition allege that any rent has ever been paid by the tenant Cities Service Oil Company, or the undertenant, or anyone on its behalf, to the Consolidated Service Stations, Inc., the tenant, landlord. The tenant, landlord herein is therefore a tenant out of possession and as such has no right to dispossess the statutory tenant. (*Eells* v. *Morse,* 208 N. Y. 103, since then cited consistently with approval.) Nor does the fact that the tenant, landlord herein has what it claims to be a proprietary lease give it any additional advantage. (See *Smith* v. *Feigin,* 190 Misc. 461.)

The lease between the landlord, owner, Esther Rogow, and the tenant, Cities Service Oil Company, expired on December 31, 1944, and was not renewed between the parties, the tenant at that time by operation of law becoming a statutory tenant. Consequently the original lease between the landlord, owner and the tenant Cities Service Oil Company left no reversion nor any unexpired term which could accrue to or overlap with the alleged estate of the tenant, landlord herein, Consolidated Service Stations, Inc. In fact the lease to the tenant, landlord herein from the original owner would be ineffectual to create a relationship of landlord and tenant with the tenant, Cities Service Oil Company, herein, because the original lease having expired, the new lease containing even an assignment could not touch the reversion, as it is " like  *  *  *  gunpowder that has exploded ". (See *United Merchants' Realty & Improvement Co.* v. *Roth,* 193 N. Y. 570, 578.) As a consequence, no reversion passed to the tenant, landlord herein, by the lease to the tenant, landlord. Even assuming that there could be an assignment of a statutory tenancy, which it is conceded by all parties is all that this tenant has, and the propriety of which assignment this court strongly doubts, such an assignment would be ineffectual, since, quoting the language of *Stern* v. *Equitable Trust Co.* (238 N. Y. 267, 269–270):

" The tenant thus remains in possession, not by virtue of any agreement, express or implied, either as to duration of term or amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain.

" The tenant does not by remaining in possession tender an option to the landlord to put him out as a trespasser; neither does he tender an option to allow him to remain as a tenant for any renewed or definite term. The tenant does not offer to remain in possession of the premises. He insists upon doing so. The landlord does not accept his proposition. The law forces it upon him. The tenant does not offer any proposition to the landlord upon which the conventional relation of landlord and tenant, as to the length of term and amount of rent, based on offer and acceptance, can be inferred. To this extent the landlord is optionless and the tenant stands on his statutory rights which become the measure of his term and of his liability."

This, to me, negatives the claim of the tenant, landlord herein, that by serving the notice upon the tenant to vacate the premises it created a term which expired on April 30, 1950, so that when the tenant, landlord got his long-term lease on April 24,

1950, he had an overlapping term with that of the tenant herein by six days. The tenant, landlord herein could not by the service of such a notice create by that act alone something which did not exist by force of law; nor have there been any negotiations or other arrangements between the tenant, landlord herein, and the tenant creating any such new relationship; nor has there been any attornment by which a new relationship of landlord and tenant in the conventional term could be spelled out, since admittedly by both sides herein no rent has been paid by the tenant. This distinguishes this action from *Jamaica Investors, v. Blacharsh* (App. Term, 2d Dept., June 15, 1950).

In the court's opinion, therefore, this amended petition upon its face fails to allege a conventional relationship of landlord and tenant and as a consequence should be dismissed.

The amended petition is therefore dismissed and a final order made in favor of the tenant.